**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

LaDONICE M. JACKSON,

        Petitioner,

    v.                                **Case No. 2:04-cv-504**
                                        **JUDGE GRAHAM**

PATRICK HURLEY,                **Magistrate Judge ABEL**

        Respondent.

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, respondent's amended return of writ, petitioner's traverse, and the exhibits of the parties.

This case involves petitioner's September 7, 2001, convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated robbery, two counts of robbery,  kidnapping, abduction, and having a weapon while under disability.  In this federal habeas corpus action, petitioner asserts that he was denied a fair trial by admission of evidence regarding his prior conviction on possession of cocaine, and because the trial court refused to permit defense counsel to comment on the lack of evidence during closing arguments.  For the reasons that follow, the Magistrate Judge concludes that both of these claims are without merit, and **RECOMMENDS** that this action be **DISMISSED**.

### I. FACTS

This case involves the following facts, as summarized by the Tenth District Court of Appeals:

> On December 21, 2001, Timothy Lear walked to Mike and Ann's
> Tavern on East Main Street. Before entering the tavern, appellant

approached Lear and offered to sell Lear drugs. Lear testified that appellant said, "'I got some crack. I can get you some weed. *** Can you give me some money, like $10?'" (Tr. 80.)

Lear declined the offer for drugs and told appellant that he had no extra money. Appellant then told Lear that he needed $2 for his car. Lear offered to buy appellant a beer, and appellant accepted.

The two entered the tavern, sat down at the bar, and appellant ordered two Budweiser beers. Appellant drank some of his beer, and then left. Lear thought appellant went to the restroom, but when appellant did not return, Lear left, and walked across the street to a Dairy Mart. Lear purchased two 40-ounce bottles of beer and proceeded to walk home.

As he was walking home, Lear testified that appellant approached him, and asked him where he was going. Lear stated that appellant hesitated, looked around, pulled out a gun, and stuck it to his head. Appellant grabbed Lear's arm, and pulled him between two houses. Appellant asked Lear for his money. When Lear responded that he did not have any cash, appellant began to search Lear's person. Appellant took some money and a half pack of Basic Full Flavor 100s cigarettes. Appellant took off walking, and Lear proceeded to walk home.

Lear testified that he did not contact the police right away. Instead, when he arrived at home, he testified that he "was kind of shaken a little bit. I opened up a beer ***." (Tr. 91.) Lear realized that he did not have any cigarettes, so he decided to go back out to the store. Lear had a $100 bill. He called a cab, but realized that he had to break the $100 in order to pay the cab driver. Lear decided that the tavern would be able to break the $100 bill. On the way to the tavern, Lear told the cab driver about the incident that took place with appellant. The cab driver suggested that Lear call the police and report the incident. Before approaching the tavern, Lear saw a police car at a BP gas station on the corner of Main Street and James Road. Lear told the officer about what happened, and the officer suggested that they ride around to see if they could find appellant. Lear told the officer that he had to pay the cab driver. So Lear got back into the cab and headed to the tavern to break the $100. The officer followed behind. On their way to the tavern, Lear spotted appellant walking down the street. The cab driver pulled in the tavern and Lear got out of the cab and told the officer where he saw appellant. Lear gave the officer a physical

2

> description of appellant and what appellant was wearing.
> Appellant was later apprehended and Lear identified him as the
> man who robbed him.

Exhibit 1 to Return of Writ.

## II. PROCEDURAL HISTORY

Petitioner was indicted by the September 7, 2001, term of the Franklin County grand jury on aggravated robbery, in violation of O.R.C. §2911.01, two counts of robbery, in violation of O.R.C. §2911.02, kidnapping, in violation of O.R.C. §2905.01, abduction, in violation of O.R.C. §2905.02, and having a weapon while under disability, in violation of O.R.C. §2923.13, with specifications. Exhibit 2 to Return of Writ. While represented by counsel, petitioner proceeded to jury trial, and on April 4, 2002, was found guilty, as charged. Exhibit 3 to Return of Writ. On April 5, 2002, petitioner was sentenced to an aggregate term of four years incarceration plus three years actual incarceration for use of a firearm. *Id.* Represented by new counsel, petitioner filed a timely appeal of his convictions and sentence to the Tenth District Court of Appeals. He asserted the following assignments of error:

> 1. The trial court erred when it allowed the jury to be informed that the defendant had previously been convicted of the illegal possession of drugs in 1999 after the defendant had agreed to admit to this fact and remove it from the jury's consideration in order to avoid the prejudicial impact of the prior conviction on the jury's deliberations.
>
> 2. The trial court erred when it did not allow counsel for the defendant to fairly comment upon the evidence during closing argument.
>
> 3. The trial court erred when it overruled the defendant's motion to dismiss for lack of a speedy trial
>
> 4. There was insufficient evidence to support the finding that the defendant possessed a firearm as defined in R.C. 2923.11 and the finding was not supported by the weight of the evidence presented.

3

Exhibit 4 to Return of Writ. On March 31, 2003, the appellate court affirmed the judgment of the

trial court. Exhibit 1 to Return of Writ. Still represented by counsel, petitioner filed a timely

appeal of the appellate court's decision to the Ohio Supreme Court. He asserted the following

propositions of law:

> 1. In a prosecution for having a weapon while under disability, the
> defendant can admit to the prior conviction in order to avoid the
> prejudicial impact that knowledge of the prior conviction would
> have upon the jury when there are other related offenses in which
> the jury must determine whether or not the defendant had or used a
> firearm. This admission relieves the State of its burden of proving
> the prior conviction, avoids undue prejudice to the defendant, and
> does not deprive the State of the full evidentiary force to its case
> since the jury must still determine whether or not the defendant
> had a firearm in the other cases. This guarantees the constitutional
> right to due process of law and a fair trial as set forth by the United
> States Supreme Court in *Old Chief v. United States* (1997), 519
> U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574.
>
> 2. The trial court violated the defendant's constitutional rights to a
> fair trial and due process of law when it did not allow counsel for
> the defendant to fairly comment upon the evidence during closing
> argument.

Exhibit 9 to Return of Writ. On July 16, 2003, the Ohio Supreme Court declined jurisdiction to

hear the case and dismissed the appeal as not involving any substantial constitutional question.

Exhibit 11 to Return of Writ. On June 9, 2003, proceeding *pro se,* petitioner also filed an appli-

cation to reopen his appeal pursuant to Ohio Appellate Rule 26(B), in which he asserted that he

was denied the effective assistance of appellate counsel due to his attorney's failure to raise on

appeal the issue of ineffective assistance of trial counsel due to counsel's failure to waive jury

trial on count six of the indictment, having a weapon while under disability. Exhibit 12 to Return

of Writ. On September 4, 2003, the appellate court denied the application. Exhibit 15 to Return

4

of Writ. Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court in which he asserted the same proposition of law. Exhibits 16 and 17 to Return of Writ. On December 24, 2003, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. Exhibit 18 to Return of Writ.

On June 10, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner's constitutional right to due process and a fair trial was violated when the trial court abused its discretion in allowing the jurors to be informed that the petitioner had previously been convicted for illegal possession of drugs in 1999, after the petitioner had agreed to admit to this fact to remove it from the jury's consideration to avoid undue prejudice when the conviction was solely to prove status and was not admissible under Evidence Rule 403, as set forth by the United States Supreme Court in *Old Chief v. United States* (1997), 519 U.S. 172.
>
> 2. Petitioner's constitutional right to due process and a fair trial were violated when the trial court abused its discretion when it did not allow counsel for the defense to fairly comment upon the evidence during closing arguments.

It is the position of the respondent that these claims are without merit.

### III. CLAIM ONE

In claim one, petitioner asserts that he was denied a fair trial because the trial court denied petitioner's offer to stipulate to his prior conviction on possession of cocaine in regard to the charge of having a weapon while under disability, and evidence of petitioner's prior conviction therefore was submitted to the jury. Petitioner asserts that admission of his prior conviction violates the United States Supreme Court's decision in *Old Chief v. United States, supra*.

5

The state appellate court rejected petitioner's claim as follows:

> In his first assignment of error, appellant contends that the trial court erred by allowing the state to emphasize evidence of his prior conviction for possession of drugs, even though appellant agreed to concede to the trial judge that he had a prior conviction that would satisfy the prior conviction element of the weapons under disability offense; appellant requested that the court submit the weapons under disability charge solely on the issue of whether he had a firearm. Appellant relies on the United States Supreme Court case of *Old Chief v. United States* (1997), 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574. Appellant argues that the state's refusal to enter into the stipulation constituted unfair prejudice because his prior conviction should not have been made known to the jury.

> In *Old Chief,* the United States Supreme Court held that a trial court had abused its discretion by rejecting a stipulation that the defendant had committed an offense punishable by imprisonment of more than one year and allowing the prosecution to present the judgment entry of defendant's prior conviction for assault causing bodily injury. *Id.* at 174. In *Old Chief,* the defendant was charged with assault with a dangerous weapon and a violation of Section 922(g)(1), Title 18, U.S.Code which makes it unlawful for anyone " 'who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year' to 'possess * * * any firearm.' " *Id.* The United States Supreme Court found that the judgment entry should have been excluded pursuant to Evid.R. 403 because the minimal probative value of the judgment entry was substantially outweighed by the danger of unfair prejudice. *Id.* at 190. The court reasoned that:

> "The issue is not whether concrete details of the prior crime should come to the jurors' attention but whether the name or general character of that crime is to be disclosed. Congress, however, has made it plain that distinctions among generic felonies do not count for this purpose; the fact of the qualifying conviction is alone what matters under the statute. 'A defendant falls within the category simply by virtue of past conviction for any [qualifying] crime ranging from possession of short lobsters * * * to the most aggravated murder.' The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun * * *." *Id.* at 190-191.

6

The court in *Old Chief* found that the defendant's stipulation provided the jury with conclusive evidence of the prior conviction element. *Id.* at 186. In the instant case, the prior possession of drugs conviction is an essential element of the indicted offense of having a weapon under disability pursuant to R.C. 2923.13, which provides in pertinent part:

"Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

* * *

"(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."

The state was required to prove the prior conviction beyond a reasonable doubt in order to prove the offense itself. *See State v. Berger* (Feb. 19, 1998), Cuyahoga App. No. 71618; *State v. Adams* (1995), 106 Ohio App.3d 139, 665 N.E.2d 700. In this case, appellant asked that the jury not hear the name and nature of his prior convictions. If the trial court had accepted appellant's stipulation, the jury would not have known that appellant had a conviction for possession of drugs. Unlike the federal statute in *Old Chief,* evidence concerning appellant's prior conviction of possession of drugs was necessary in order for the jury to find appellant guilty of having a weapon under disability as charged.

In *State v. Henton* (1997), 121 Ohio App.3d 501, 700 N.E.2d 371, the Eleventh Appellate District held that the trial court committed reversible error when it rejected Henton's offer to stipulate to one prior felony drug abuse conviction and allowed the prosecution to present evidence of his two prior drug convictions to prove the element of the offense that requires proof of one prior felony drug abuse conviction. The case at hand is distinguishable from *Henton* because Henton acknowledged that the state was required to prove the existence of one prior felony drug abuse conviction as an element of the offense charged; Henton merely requested that the trial

7

court prohibit the state from introducing evidence of a second felony drug abuse conviction because the second conviction was not necessary to prove an element of the charged offense. In the instant case, appellant did not want any stipulation to go to the jury; he wanted the jury to decide only if he had a firearm, and not whether he had the requisite prior offense. Based on the foregoing analysis, the trial court did not err in permitting the state to bring appellant's prior possession of drugs to the jury's attention. Accordingly, appellant's first assignment of error has no merit and is not well-taken.

Exhibit 1 to Return of Writ.

The factual findings of the state appellate court are presumed to be correct:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(e)(1). Further,

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). Petitioner has failed to establish that the findings of the state appellate court

are so unreasonable as to justify federal habeas corpus relief. *See Williams v. Taylor*, 529 U.S.

362 (2000).

As noted by the state appellate court, in *Old Chief v. United States, supra*, the United

8

States Supreme Court held that, under Federal Rule of Evidence 403, a court abuses its discretion by rejecting a defendant's offer to stipulate to his prior conviction in order to prevent admission to the jury of the name and nature of his prior conviction in a prosecution under 18 U.S.C. §922(g)(1), prohibiting possession of a firearm by a convicted felon. *Id.*, at 174. In so holding, however, the Supreme Court, recognized that generally, "that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away." *Id.*, at 189. However, this rule has "virtually no application when the point at issue is a defendant's legal status, depend-ent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." *Id.*, at 190. Notably, and unlike the circumstances in this case, the name and nature of Old Chief's prior convictions was not an element of the offense charged. *See id.,* at 178 ("[T]he fact that Old Chief's prior conviction was for assault resulting in serious bodily injury rather than, say, for theft was not itself an ultimate fact, as if the statute had specifically required proof of injurious assault.") *See also id.*, at 190 ("the fact of the qualifying conviction is alone what matters under the statute.") Here, unlike the federal statute at issue in *Old Chief*, which prohibited possession of a firearm by a person convicted of any felony, Ohio's statute prohibiting possession of a weapon while under disability specifically enumerates the convictions which constitute a violation of the statute.

O.R.C. §2923.13 provides:

> (A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
>
> (1) Such person is a fugitive from justice;
>
> (2) Such person is under indictment for or has been convicted of

9

any felony of violence, or has been adjudged a juvenile delinquent
for commission of any such felony;

(3) Such person is under indictment for or has been convicted of
any offense involving the illegal possession, use, sale, administra-
tion, distribution, or trafficking in any drug of abuse, or has been
adjudged a juvenile delinquent for commission of any such
offense;

(4) Such person is drug dependent or in danger of drug depend-
ence, or is a chronic alcoholic;

(5) Such person is under adjudication of mental incompetence.

(B) Whoever violates this section is guilty of having weapons
while under disability, a felony of the fourth degree.

Moreover, *Old Chief* is inapplicable here because petitioner did not agree that any evidence

regarding his prior conviction could be admitted into evidence.

[A]ppellant did not want any stipulation to go to the jury; he
wanted the jury to decide only if he had a firearm.

Exhibit 1 to Return of Writ; *Petition*, at 3-4; *Traverse*, at 5.

## IV. CLAIM TWO

In claim two, petitioner asserts that he was denied a fair trial because the trial court

refused to permit defense counsel to comment on the lack of corroborating evidence in closing

argument. The state appellate court rejected this claim as follows:

[A]ppellant argues that the trial court erred by not allowing
defense counsel to fairly comment on the lack of evidence or
corroboration that Lear bought beer from a Dairy Mart. Appellant
contends that whether or not Lear purchased a beer affects the
witness's credibility, and the trial court's ruling did not give
appellant the opportunity to make such an argument.

It is axiomatic that great latitude is afforded counsel in the presen-
tation of closing argument. *Pang v. Minch* (1990), 53 Ohio St.3d
186, 194, 559 N.E.2d 1313. "The assessment of whether the per-
missible bounds of closing argument have been exceeded is, in the

10

first instance, a discretionary function to be performed by the trial
court. Such determination will not be reversed on appeal absent an
abuse of discretion." *Id.* at paragraph three of the syllabus. "The
term 'abuse of discretion' connotes more than an error of law or
judgment; it implies that the court's attitude is unreasonable, arbi-
trary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio
St.3d 217, 219, 450 N.E.2d 1140. It is the duty of the trial court to
control the argument of counsel and to see that it is confined to
proper limits, especially where a timely objection was made. *See
Cusumano v. Pepsi-Cola Bottling Co.* (1967), 9 Ohio App.2d 105,
121, 223 N.E.2d 477.

In this case, a careful review of the record demonstrates that de-
fense counsel had ample opportunity to comment on uncorroborat-
ed evidence, without the state's objection. However, when defense
counsel attempted to comment on the state's failure to present wit-
nesses to corroborate Lear's story that he purchased two 40-ounce
beers from Dairy Mart, the state objected. The state argued that it
was inappropriate for defense counsel to comment on witnesses
who did not testify, especially where defense counsel had the same
opportunity to call the same witness to testify. The trial court sus-
tained the state's objection holding that defense counsel had to
keep his closing argument to matters that were in evidence. Appel-
lant argues that this ruling by the trial court prevented appellant
from arguing the lack of corroborating evidence relating to the
credibility of Lear. However, a review of the record reveals that
appellant was able to and continued to point out gaps in the evid-
ence and the lack of corroborating evidence on certain key points;
such as the lack of a sales receipt, the lack of the store's surveill-
ance videotape, and the lack of testimony of a salesperson that a
purchase was made.

A problem arises when the evidence does not support the argument
advanced by counsel on closing to the extent that there is a sub-
stantial likelihood that the jury will be misled. Such an argument is
improper. *See Brokamp v. Mercy Hosp. Anderson* (1999), 132
Ohio App.3d 850, 868, 726 N.E.2d 594. In this case, the trial court
instructed the jury to disregard defense counsel's comment. The
trial court's decision to sustain the state's objection was not un-
reasonable, arbitrary or unconscionable. Accordingly, appellant's
second assignment of error lacks merit and is not well-taken.

Exhibit 1 to Return of Writ. Again, these findings are entitled to a presumption of correctness

under 28 U.S.C. §2254(d), (e), and petitioner has failed to establish that the state appellate court's findings are so unreasonable as to justify federal habeas corpus relief. *Williams v. Taylor, supra*, 529 U.S. at 362.

Federal habeas review of state court evidentiary rulings is extremely limited. *Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990). Evidentiary questions generally do not rise to a constitutional level unless the error was so prejudicial as to deprive a defendant of a funda-mentally fair trial, thereby violating due process. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1983). When such errors are alleged, the federal court's inquiry in reviewing these claims is directed to whether the evidence was rationally connected to the crime charged. *Carter v. Jago*, 637 F.2d 449, 457 (6th Cir. 1980).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recom-mendation* will result in a waiver of the right to have the district judge review the *Report and*

12

*Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel_____
United States Magistrate Judge

13