IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LaDONICE M. JACKSON,

    Petitioner,

v.                               Case No. 2:04-cv-504
                                  JUDGE GRAHAM
PATRICK HURLEY,            Magistrate Judge ABEL

    Respondent.

## ORDER

On March 29, 2004, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has objected to that recommendation. Petitioner objects solely to the Magistrate Judge's recommendations regarding claim one. Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner.

Jackson's first ground for relief reads:

> Petitioner's constitutional right to due process and a fair trial was violated when the trial court abused its discretion in allowing the jurors to be informed that the petitioner had previously been convicted for illegal possession of drugs in 1999, after the petitioner had agreed to admit to this fact to remove it from the jury's consideration to avoid undue prejudice when the conviction was solely to prove status and was not admissible under Evidence Rule 403, as set forth by the United States Supreme Court in *Old Chief v. United States* (1997), 519 U.S. 172.

Unlike the statute at issue in *Old Chief*, Ohio Revised Code § 2923.13(A)(2) and (3) requires the prosecution to prove that the defendant was convicted of a felony of violence or an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.

Petitioner did not offer to stipulate to a conviction falling within the statute, but merely wanted the jury to decided whether he was in possession of a gun. The Court concludes that the Ohio Court of Appeals' decision that *Old Chief* did not require the trial judge to prohibit the prosecution from offering evidence of Jackson's prior felony drug conviction was not contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. §2254(d). *See Williams v. Taylor*, 529 U.S. 362 (2000).

Accordingly, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This case is **DISMISSED**.

                                                                          **s/James L. Graham**
                                                                          JAMES L. GRAHAM
                                                                          United States District Judge

**DATE: April 29, 2005**